**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **DENISHA RIDDICK,** | * | |
| **Plaintiff,** | * | |
| v. | | **Case No.: GJH-21-1300** |
| | * | |
| **WASHINGTON METROPOLITAN AREA** | | |
| **TRANSIT AUTHORITY,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Denisha Riddick brings this civil action against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), alleging that Defendant negligently operated a Metrobus causing Plaintiff to sustain injuries. ECF No. 3. Pending before the Court is Defendant's unopposed Motion for Summary Judgment. ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion for Summary Judgment is granted.

**I.     BACKGROUND**

**A.  Factual Background[1]**

Plaintiff alleges that on September 12, 2018, she was a passenger on a Metrobus operated by Defendant when the Metrobus negligently collided with a tractor trailer, which she alleges caused her personal injuries to areas including, but not limited to, her neck and back. ECF No. 3

---

[1] These facts are either undisputed or viewed in the light most favorable to Plaintiff as the non-moving party.

1

¶¶ 2, 7. Plaintiff provides no additional evidence in support of her allegations, and Plaintiff has not responded to the instant motion.

Defendant provided surveillance video from the Metrobus onboard cameras, ECF No. 6-3,[2] along with an affidavit from an employee of Defendant's Driver Management Investigations, Terrell Thomas, who affirmed that "the video footage has been kept in the ordinary course of retaining business records and that the video footage has not been altered." ECF No. 6-4. Based on the onboard camera footage, which Plaintiff does not contest, the undisputed facts are as follows. On September 12, 2018, Plaintiff was a passenger on a Metrobus, operated by Defendant, on Florida Avenue at, or near, its intersection with Second Street in N.W. Washington, D.C. *See* ECF No. 6-4 (Thomas Declaration attesting that onboard video depicts September 12, 2018 accident). As the Metrobus approached an intersection to make a right turn, it stopped for the traffic ahead to proceed. ECF No. 16-3 at 16:08:57[3]–16:09:03 (Camera 1 – Forward Facing and Camera 6 – Facing the Operator and window). At this time, the Metrobus was in its lane of travel. *Id* at 16:09:03. Also stopped next to the Metro bus was an unidentified tractor trailer *id.* at 16:09:06–16:11:03. When traffic resumed, the Metrobus initially began to move forward in its lane of travel, *id.* at 16:11:06–16:11:12, however, it came to a complete stop when the Metrobus driver observed the tractor trailer begin to enter its lane of travel. *Id.* at 16:11:12. The Metrobus driver honked the horn, *id.* at 16:11:13, though the tractor trailer continued to enter the Metrobus' lane until it collided with the side of the Metrobus. *Id.* at 16:11:15.

---

[2] The video spans five minutes and fifteen seconds, from 16:07:02 to 16:12:17, and captures the entirety of the collision. ECF No. 6-3.

[3] The pin cites for the video refer to time stamps embedded on the video from Metrobus' onboard camera system.

**B.  Procedural Background**

Plaintiff filed a statement of claim for negligence against WMATA in the District Court of Maryland for Prince George's County on June 17, 2020.[4] ECF No. 3; ECF No. 6 at 1.[5] On May 26, 2021, Defendant removed the action to this Court pursuant to Md. Code Ann., Transp. § 10-204(81), which provides that federal district courts have original jurisdiction over actions against WMATA and that any such action initiated in a state court in Maryland, Virginia, or the District of Columbia may be removed. ECF No. 1-1 at 1. Defendant filed an answer on June 16, 2021. ECF No. 5. Defendant then filed the now pending Motion for Summary Judgment the following day, on June 17, 2021, ECF No. 6, along with a Motion for Leave to File Video Evidence in Support of WMATA's Motion for Summary Judgment, ECF No. 7. Plaintiff did not file any response.

**II.    STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). The burden is on the moving party to demonstrate that there exists no genuine dispute of material fact. *See Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

Once the moving party has properly filed evidence supporting the motion for summary judgment, to defeat the motion, the nonmoving party must submit evidence showing facts

---

[4] The Statement of Claim from the District Court of Maryland for Prince George's County is undated, but Defendant represents that Plaintiff's date of filing is June 17, 2020. ECF No. 6-1 at 1.

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

sufficient for a fair-minded jury to reasonably return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party may not rest upon mere allegations in the pleadings but must instead set forth specific facts illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 324. Additionally, a party must be able to put facts to be considered in support of or in opposition to a motion for summary judgment in an admissible form. *See Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 407 (D. Md. 2015).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the district court must still proceed with the facts it has before it[.]" *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (internal quotation marks omitted). Therefore, the district court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). If the non-movant's version of the facts is "so utterly discredited by the record," in this case the Metrobus onboard recording, "that no reasonable jury could have believed him," the facts should be viewed in the light depicted by the recording. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (finding that the courts below should not have relied on a "visible fiction" refuted by a videotape).

## III.   DISCUSSION

Before addressing the substance of Defendant's Motion for Summary Judgment, the Court must first determine which substantive law governs this dispute. A federal court exercising diversity jurisdiction must apply the law of the forum state, including its choice of law rules. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F. 3d 581, 599–600 (4th Cir.

2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).  But here, jurisdiction is not based on diversity. Rather, it is based on federal question jurisdiction, specifically Md. Code Ann., Transp. § 10-204(81), which provides federal district courts original jurisdiction over actions against WMATA.

Typically, in cases where a court exercises federal question jurisdiction, a district court must interpret and apply federal law, but "a federal court applies state law when it decides an issue not addressed by federal law, regardless of source from which the cause of action is deemed to have arisen for the purpose of establishing federal jurisdiction." *A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1463 (D.C. Cir. 1995); *see also Walker v. Nat'l R.R. Passenger Corp.*, 703 F. Supp. 2d 495, 500–01 (D. Md. 2010) (applying Maryland state law in case where jurisdiction was based on Amtrak's status as a federally owned corporation). Such is the case here, as there is "no federal general common law." *Erie*, 304 U.S. at 78 (1938).  In tort actions, Maryland courts apply the doctrine of *lex loci delecti*, so that the substantive law of the state where the wrong occurs governs. *Erie Ins. Exch, v. Heffernan*, 399 Md. 598, 624–25, 925 A.2d 363, 651–52 (2007) (citing *Hauch v. Connor*, 295 Md. 120, 123–24, 453 A.2d 1207, 1209–10 (1983)). Because the wrong, the collision, occurred in Washington, D.C., ECF No. 3 ¶ 2, the law of the District of Columbia will apply.

"As a general matter, a claim for negligence in the District of Columbia has four elements: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached its duty, (3) and that breach was the proximate cause of (4) damages sustained by the plaintiff." *Cannon v. Wells Fargo Bank, N.A.*, 952 F. Supp. 2d 1, 10 (D.D.C. 2013) (quoting *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 283 (D.D.C. 2011) (citing *Powell v. District of Columbia,* 634 A.2d 403, 406 (D.C. 1993)). Plaintiff has not opposed the instant motion. Even when considering the

5

video evidence accompanying Defendant's motion, which Plaintiff does not contest on either authenticity or accuracy, *Scott*, 550 U.S. at 378, in the light most favorable to Plaintiff as the non-moving party, there are no material disputes of fact and the video evidence clearly controverts Plaintiff's allegations.

The video shows that the Metrobus begins moving as traffic resumes, ECF No. 6-3 at 16:11:03–16:11:12, before stopping as the tractor trailer enters the Metrobus' lane. *Id.* at 16:11:12. From this evidence in the record, it is apparent that Defendant did not "fail[] to yield the right of way, fail[] to keep a proper lookout, fail[] to maintain its speed to avoid a collision and otherwise fail[] to operate its vehicle in a reasonable and non-negligent manner," as Plaintiff alleges. *See* ECF No. 3-1 ¶ 4. Indeed, the video shows that the Metrobus neither "failed to yield the right of way" nor "failed to maintain its speed to avoid a collision" as it was stationary and in its own lane when the tractor trailer left its lane and made contact with the side of the Metrobus. *Id*; ECF No. 6-3 at 16:11:12–15. The Metrobus driver also did not "fail[] to keep a proper lookout" as the onboard footage clearly shows the driver stop the bus when the tractor trailer leaves its lane, *id,* and it shows the driver forcefully press on the horn, *id.* at 16:11:13, before the tractor collides with the Metrobus, *id*. at 16:11:15. Plaintiff, as the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact finder reasonably could find in her favor. She fails to do so as she has submitted no evidence whatsoever. The video evidence in the instant case is uncontroverted, and Plaintiff, in failing to oppose this motion, fails to provide any evidence to support her allegation that Defendant "otherwise failed to operate its vehicle in a reasonable and non-negligent manner." *See* ECF No. 3 ¶ 4.

Simply put, the video plainly contradicts Plaintiff's allegations, and they must be disregarded. *See Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); *see also Glascoe v. Sowers*, No. 11-cv-2228-ELH, 2013 WL 5330503, at *5 (D. Md. Sept. 20, 2013) (explaining that where a video "clearly depict[s] the events at issue, they will prevail over contrary evidence submitted by either side."); *see also Henderson v. Simpkins*, No. 13-cv–1421-CCB, 2014 WL 3698878, at *8 (D. Md. July 24, 2014) (granting summary judgment where evidence clearly negated plaintiff's allegations of excessive force). No reasonable jury would believe Plaintiff's account of the facts when the jurors would be able to see exactly how the collision occurred themselves on the video: the tractor trailer left its lane and collided with a then stationary Metrobus.

Consequently, based on the video evidence provided and her failure to put forth any contrary evidence, Plaintiff fails to identify a breach of duty or a causal relationship between her alleged injuries and Defendant's actions. *See Cannon*, 952 F. Supp. 2d at 10 (identifying elements of negligence); *Hall v. Washington Metro. Area Transit Auth.*, 33 F. Supp. 3d 630, 634 (D. Md. 2014) (holding that where video evidence contradicted plaintiff's factual allegations, plaintiff could not identify a breach of duty or causal relationship such that the negligence claim failed). Therefore, Plaintiff's negligence claim fails. Because there is no dispute of material facts, Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a).

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 6, is

granted. A separate Order shall issue.


Date: <u>December 20, 2021</u>                                        _____/s/_____

GEORGE J. HAZEL
United States District Judge